Tayior, Judge,
 

 delivered the opinion of the Court:
 

 If the loss of the property were occasioned by such an accident as came fairly within the scope of the exception contained in the bill of lading, or receipt, the Defendant ought not to be responsible ,• otherwise, he must be, upon every principle applicable to the duty of common carriers.
 

 The words of that paper are, “ dangers of the river only excepted,” arid signify the natural accidents incident to that navigation; not such as might be avoided by the exercise of that discretion and foresight, which arc expected from persons in such employment.
 

 Nor indeed is every loss proceeding from a natural cause, to be considered as happening by a peril of the sea; for if a ship perish in consequence of striking against a rock or shallow, the circumstances under which the event takes place, must be considered, in order to deckle whether it happened by a peril of the sea, or by the fault of the master. If the situation of the rock or shallow be generally known, and the ship not forced upon it by adverse winds or tempests, the. loss is to be imputed to the fault of the master ;
 
 *
 
 or if the shallow were occasioned by a sudden and recent collection of sand in a "place where skips could before sail in safety,' the loss is to be attributed to the act of God or the perils of the sea.
 
 †
 

 Apply this principle to the case before us, and consider whether the circumstances unuer which the loss hap
 
 *420
 
 pened do not announce a degree of carelessness or temerity in the skipper, that ought to render the Defendant responsible to the Plaintiff,
 

 * The force of the current in the time of a freshet, and the increased danger thence arising from the cypress tree, were well known to the skipper. He should not have adventured to pass the bend at such a time, without employing adequate precautions to obviate the danger, if indeed any precaution could have been sufficient. But in prosecuting that part of the voyage, at such an unseasonable time, he took the risk upon himself. The state of the river, it is true, was equally known to the Plaintiff, but he neither knew the consequent hazard connected with this part of it, nor does it appear that he urged the departure of the skipper in the face of such danger.
 

 Here, then, was no tempest — -no irresistible impulse of satural causes, but a fixed and well known danger, ¿-Inch every man, accustomed to the navigation, would ..alculate upon meeting, if he proceeded on tfie voyage
 
 ai
 
 ,,uch a time, with only the usual number of
 
 hands;
 
 and wen these, it appears, were all employed at the bow of the boat, whilst none were left in the stern to counteract he tendency of the current to force that part under-the tree. Thus, in the case of Amis
 
 v.
 
 Stephens,
 
 *
 
 where the Plaintiff put goods on board the'Defendant’s hoy, which sunk in consequence of a sudden gust of wind, as she came through a bridge, the Court held the Defendant not liable, as the accident was occasioned by the act of God
 
 ;
 
 but they said, if the Defendant had ventured to shoot the bridge, at a time when the general bent of the weather was tempestuous, he would have been liable. The rule for a new trial must be made absolute.
 

 *
 

 Abbot 169.
 

 †
 

 id.
 

 *
 

 1 Stra. 128.