It is admitted that the complainant has set forth and charged such facts in his bill as entitle him to the interference and aid of a court of equity against defendant's judgment at law; that those facts and allegations had been admitted, or not denied, by the answer of the defendant. It is also true that the defendant, in his answer, has not directly and positively denied the truth of the plaintiff's allegations. On this ground it is contended that the complainant, notwithstanding the defendant's answer, is still entitled to such aid and protection.
Although the defendant has not positively denied the truth of the facts set forth in the complainant's bill, yet he has set forth in his answer such facts and circumstances, and has so supported them by written documents, referred to in his answer, and desired to be considered as a part thereof, and accompanying the same, as go very far in disproving the allegations of the complainant. And he positively answers that he disbelieves the truth of said allegations, grounding his belief upon the said documents and the other circumstances set forth (16) in his answer and referred to the Court.
A court of equity, on motion to dissolve an injunction, will always look to the answer of the defendant; and whenever it can discover that the facts on which the complainant grounds his equity are positively denied, or that the truth of them is greatly impaired by reason of the facts and circumstances stated in the answer of the defendant, and when he swears that he has no knowledge of the allegations set forth by the complainant, and that he believes the truth of them: if from the facts and circumstances so set forth and sworn to, the complainant's equity is rendered doubtful, it then becomes the duty of the Court to decree a dissolution of the injunction, and suffer the defendant to proceed at law. *Page 16 
The facts and circumstances set forth by the defendant in his answer we believe to be of that character. Therefore, we are of opinion that the decree of the Superior Court should be affirmed, and we decree accordingly.
NOTE. — See Moore v. Hylton, 16 N.C. 429; Lindsay v. Etheridge,21 N.C. 36.
Cited: Radcliff v. Bartholomew, 38 N.C. 560.
THIGPEN v. BALFOUR. — 1 L. R., 112.
See S. c., 6 N.C. 242.
(17) JULY TERM, 1811.
HOLLOWELL v. POPE'S DEVISEES. — 1 L. R., 221.
See S. c., 6 N.C. 108.
WILLIAMS v. BRANSON. — 1 L. R., 224.
See S. c., 5 N.C. 417.
NICHOLS v. NEWSOM. — 1 L. R., 227.
See S. c., 6 N.C. 302.
STUART v. FITZGERALD — BAIL. — 1 L. R., 234.
See S. c., 6 N.C. 255.
(18)