"In this case, which is before the court on the parties’ cross-motions for summary judgment, the question for decision is whether 33 U.S.C. § 1321 (i)(1) entitles the plaintiff to recover the costs of cleaning up oil discharged from its vessel into the Hudson River. The resolution of that issue in turn depends upon whether or not the oil discharge was caused by an act of God as defined in 33 U.S.C. § 1321(a)(12).
"Plaintiff has attached to its motion what appear to be official reports of the United States Coast Guard, stating that plaintiffs vessel had struck an unknown underwater object in the River abeam of Roger’s Island; that the discharge of the oil which resulted was not intentional; that it could not have been prevented by the exercise of reasonable care; that it was not caused by an act or omission of a type previously known to plaintiff; that it was not caused by violation of oil spill regulations; that special steps had been taken to prevent this type of discharge, and that the spill could not have been foreseen by an experienced owner or operator familiar with the equipment involved.
"Assuming that these reports are authentic, they would be admissible in evidence as 'official reports.’ However, the principal facts upon which plaintiff relies to prove that the oil discharge was caused by an act of God are shown only in an affidavit executed by plaintiffs attorney, who obviously had no personal knowledge of the facts. Defendant has objected to the affidavit for failure to comply with the requirements of Court of Claims Rule 101(f) and declares *481 that since it was not based on affiant’s personal knowledge, it has no probative value. The objection is valid and for that reason plaintiffs motion for summary judgment cannot be granted.
"In its cross-motion for summary judgment, defendant argues that even if plaintiffs affidavit complied with the requirements of Court of Claims Rule 101(f), the facts stated therein do not show that the discharge was caused by an act of God, and therefore, that plaintiffs petition should be dismissed. We reject this contention.
"In view of the ambiguous legislative history regarding the Congressional intent in its definition of an act of God, resort must be had to other sources, such as the common law, to determine the meaning of the term. If plaintiff is able to prove the facts alleged in its petition and set forth to some extent in the affidavit accompanying its motion, it might very well be entitled to recover the costs expended in cleaning up the oil See Williams v. Branson, 5 N.C. 417, 4 Am. Dec. 562; Williams v. Grant, 1 Conn. 487, 7 Am. Dec. 235, and Carlson v. A. & P. Corrugated Box Corp., 364 Pa. 216, 72 A. 2d 290 (1950).
"For the reasons stated, plaintiffs motion for summary judgment and defendant’s cross-motion for summary judgment are denied, and the case is remanded to the Trial Division for trial or other disposition.
"On the remand, plaintiff should be prepared to offer admissible evidence of the amount it expended in cleaning up the oil, because the affidavit and documents accompanying its motion for summary judgment are insufficient to prove this essential fact.”