EVERETT O. MOORE v. THE SILVER VALLEY MINING CO. et al.

*Injunction — Corporation — Charter— Stockholder—Domicil— Laches.*

1. The plaintiff must allege facts sufficient to sustain his *cause of action*, before an *injunction* will be allowed.

2. Individual stockholders in their own name are not the proper parties to assert the rights of a corporation ; action should be brought by and for the corporation itself. If its officers or other stockholders fail to do their duty in that respect, the remedy is, as a general rule, to be sought within the corporate organization.

3. Where there is cause for complaint by stockholders against others, they should first resort to the remedy prescribed in their charter ; and failing in this, they will have a right to proceed against the delinquents, and, in proper cases, injunction will be granted to protect the rights of parties.

4. A good cause of complaint in such cases is fraud or serious injury done, or about to be done, by some of the stockholders or officers, for which there is no adequate remedy given under the charter.

5. It should be alleged and proved that the plaintiffs are *bona fide* owners of stock and have taken proper steps within the company to assert their rights : it ought also to appear that proper legal steps have been taken in the State which is the domicil of the corporation and defendant corporators, before the aid of the Courts of a foreign State will be afforded.

6. When, as in this case, a variety of remedies was open to plaintiff for many years and he did not pursue any of them, he is chargeable with gross *laches*, and the Courts will not interfere by injunction for his relief.

This was a Motion for Injunction in an action begun in DAVIDSON Superior Court, and heard at Chambers by *Merrimon, J.,* on the Fall Circuit, 1889.

The complaint used as an affidavit in support of the motion for the injunction in question is very voluminous, alleging facts much in detail. It is sufficient for the present purpose, to state that it is alleged that the Silver Valley

Mining Company of Baltimore, made a defendant in this action, was incorporated and organized under the laws of the State of Maryland in the year 1860, with a capital stock of $1,000,000; that in August of that year, it acquired certain valuable mineral lands in this State; that in the latter part of that year and early in the year 1861, certain officers and stockholders of the company owning a majority of the shares of its capital stock, fraudulently contriving and intending to get and own the property of this company, procured from the Legislature of this State a charter and under it organized the present defendant appellant corporation, " The Silver Valley Mining Company," which charter allowed the assessment of shares of the capital stock, as that of the Baltimore Company did not; that in the year 1861 a meeting of the stockholders of the latter company was called, at which those owning a majority of the capital stock were induced to accept the charter of the present defendant appellant company, and to merge the Baltimore Company therein, but the land in this State, that is now in controversy, was not formally conveyed to the defendant appellant company until the 24th day of June, 1882; that the company was organized in the State of Maryland and the organization was therefore void. It does not appear when the plaintiff obtained his certain shares of the capital stock of the Baltimore Company, but he did so long after the alleged fraudulent organization of the defendant company. It is not alleged that he himself or those from whom he purchased his shares of stock ever in any way took legal, or, indeed, any, steps to arrest the fraudulent acts and conduct complained of in this State or in the State of Maryland. The plaintiff is not the *legal* owner of the stock he holds—he holds certificates of stock endorsed to him, but certificates have not been issued to him. It is alleged that the Baltimore Company is the proper lawful owner of the mineral lands mentioned, and, also, of the judgment presently to be

mentioned.; that the defendant corporation and the other defendants, are about to sell the land, collect the judgment and fraudulently devote the whole to their own use, &c. &c. It is further alleged, "that the said Silver Valley Mining Company has lately recovered, by the judgment of this Court, the sum of $18,000, with interest from the 10th day of January, 1881, against a certain corporation incorporated under the laws of North Carolina, by the name of the Baltimore Gold and Silver Mining and Smelting Company, upon which a sum of money has been paid, leaving still due the sum of $17,743.50; that said judgment was obtained upon the ground of fraud by the said Baltimore Gold and Silver Mining and Smelting Company on the said Silver Valley Mining Company in procuring the property, stock and assets of said Silver Valley Mining Company and converting the same to its use, to the amount of said judgment, as appears by the record of said judgment in this Court, to which reference is prayed to be had, as if the same were herein recited at large; that said Silver Valley Mining Company was affected by said fraud of the defendant in said judgment, and entitled to and did recover in respect thereof only by reason of its supposed ownership and possession of the said property and assets referred to in the said proceedings of said judgment, and that said judgment was obtained by it as compensation for injury done by said defendant in said judgment to the said property and assets. But the plaintiff alleges that said property and assets to which said injury was done were the property and assets of the Silver Valley Mining Company of Baltimore, and that said Silver Valley Mining Company of North Carolina obtained possession of said property and assets in pursuance of a fraudulent conspiracy amongst, and by means of fraudulent breaches of trust on the part of, the directors of the Silver Valley Mining Company of Baltimore, or of a majority of them, who were the same persons as the majority of the directors of the North

Carolina Company, and by means of fraudulent transactions on the part of the majority of the stockholders of said Silver Valley Mining Company of Baltimore, of all which fraudulent conspiring, breaches of trust and fraudulent transactions the Silver Valley Mining Company of North Carolina had full notice; and the plaintiff is advised and alleges that the said Silver Valley Mining Company of Baltimore is entitled to the said judgment in respect of the injury done by the said defendant therein to its (the said company's) property and assets, and that the said Silver Valley Mining Company is bound in equity to hold the said judgment in trust for the said Silver Valley Mining Company of Baltimore.

The plaintiff further alleges, that the said Thomas W. Hall, Jr., S. Sutton Clayton and Joseph Wilkins, are the only surviving directors of the Silver Valley Mining Company of Baltimore, the said Talmadge and the said Harris having long since departed this life as aforesaid; that the said Clayton and said Wilkins are the very persons who, as directors of said company, have committed the acts hereinbefore mentioned, and they refuse to take any steps whatsoever with reference to such acts, or in any way to remedy the wrongs hereinbefore complained of, and form a majority of the board of directors of said company, and the said Hall also refuses to take any steps in reference to said acts.

That the stockholders of said Silver Valley Mining Company of Baltimore, who maintain the validity of said illegal merger of the said company in the said Silver Valley Mining Company and of said acts hereinbefore mentioned, hold a majority of the capital stock of the said Silver Valley Mining Company of Baltimore and have a majority of votes at any general meeting of the stockholders of said company, and in consequence of the preponderating number of votes possessed by them, it is impossible for the plaintiff, or any stockholders in his situation, to take any steps within the said company to remedy the acts and doings hereinbefore

complained of, and if such acts and doings be not remedied, and said Wilkins and Clayton and Hall removed from their offices, and the said Silver Valley Mining Company restrained from interfering with or occupying the property and assets of the said Silver Valley Mining Company of Baltimore, the said Silver Valley Mining Company of Baltimore will be ruined, and the property of the plaintiff therein destroyed.

The plaintiff further alleges that the said Silver Valley Mining Company has issued execution on its said judgment for the collection of the sum of money due therein against the defendant therein, the Baltimore Gold and Silver Mining and Smelting Company, and has caused said execution to be levied on all the lands and property of the said defendant in said judgment, and P. D. Leonard, Esq, the Sheriff of Davidson County, has, in consequence thereof, publicly advertised the same lands to be sold upon the 6th day of May, A. D. 1889, for cash, at the court-house door in Lexington, in said county. And the plaintiff files herewith, as a part of this complaint, marked " Plaintiff's Exhibit No. 6," a copy of a hand-bill giving notice of said execution sale, issued by said Sheriff. And the plaintiff further alleges that said Silver Valley Mining Company is insolvent, and that if it be permitted to collect said judgment by execution and sale of said lands as aforesaid, the moneys realized thereby will be applied by it to its own uses and dissipated, and will be wholly lost to the Silver Valley Mining Company of Baltimore, which, as the plaintiff alleges, is the true owner of said judgment, and that Silver Mining Company well knows that said Silver Valley Mining Company of Baltimore is entitled to said judgment, and with the connivance of and in collusion with said Wilkins and Clayton, who are a majority, as aforesaid, of the directors of the said Silver Valley Mining Company of Baltimore, and who refuse, as aforesaid to take any steps to remedy the illegal acts hereinbefore mentioned and secure the rights of the stockholders

of said company, has caused said execution to be issued and levied on all the lands of the defendant in said judgment, and intends to have the same sold without any delay, and at any price, however small, in order to anticipate and prevent the stockholders of the Silver Valley Mining Company of Baltimore from taking any action to secure the claim of said company to said judgment; that said Silver Valley Mining Company has already collected from the defendant $6,000, part of said judgment, which it has spent and dissipated, and plaintiff says that said execution ought to be stayed till the rights of the Silver Valley Mining Company of Baltimore to said judgment are declared.

The plaintiff further alleges that said S. Sutton Clayton, Joseph Wilkins, John M. McElroy, Thomas C. Basshor, W. Morris Orem and Thomas W. Hall, Jr., are all residents of Baltimore city, in the State of Maryland.

Wherefore plaintiff demands—

1. That said deed of the 24th day of June, 1882, may be declared to be fraudulent and null and void, and that the same may be set aside and delivered up to the Court and cancelled.

2. That the Silver Valley Mining Company may be enjoined and restrained from setting up any claim to said lands described in said deed, and from continuing to longer occupy and possess the lands of the Silver Valley Mining Company of Baltimore, and may be compelled to deliver up possession of said lands to said last named company.

3. That an account may be taken, under the decree and direction of this Court, of all ores taken from the mines on said lands by the said Silver Valley Mining Company, and that the value thereof may be ascertained and the Silver Valley Mining Company may be decreed to pay the same to the Silver Valley Mining Company of Baltimore.

4. That an account may be taken, under the direction and decree of this Court, of the cash and stocks received by the

said S. Sutton Clayton from the said Thomas C. Harris, deceased, in settlement and payment of the indebtedness of the latter to the Silver Valley Mining Company of Baltimore, and that the value of such stocks may be ascertained; and that an account, in like manner, may be taken of any indebtedness of the Silver Valley Mining Company of Baltimore to said S. Sutton Clayton, and that the Silver Valley Mining Company, the said Clayton, the said Orem and the said Basshor may be decreed to pay the amount of said cash and the value of said stocks received by said Clayton from Harris, with interest thereon, respectively, to the Silver Valley Mining Company of Baltimore, less the amount of any indebtedness, with interest thereon, of said company to said Clayton.

5. That the said Silver Valley Mining Company may be declared to be trustee of the judgment recovered by it against the Baltimore Gold and Silver Mining and Smelting Company in this Court for the Silver Valley Mining Company of Baltimore, and decreed to repay to the said last named company all sums received on said judgment.

6. That the said Silver Valley Mining Company and the said Sheriff (P. D. Leonard) may, and each of them may, be restrained from selling, or attempting to sell, the lands of the said Baltimore Gold and Silver Mining and Smelting Company under the said execution issued by the Silver Valley Mining Company against said Baltimore Gold and Silver Mining and Smelting Company as the judgment of said Silver Valley Mining Company against it, until the further order of this Court.

7. That the said S. Sutton Clayton, Joseph Wilkins and Thomas W. Hall, Jr., may be restrained from acting as directors of the Silver Valley Mining Company of Baltimore until the further order of this Court, and general relief, &c.

The Court gave judgment, whereof the following is a copy:

MOORE *v.* SILVER VALLEY MINING COMPANY.

" This cause coming on to be heard, and being heard, it is adjudged, ordered, and decreed that the restraining order heretofore granted be dissolved, and that the injunction prayed, asking that the collection of the judgment mentioned in the pleading be restrained, be not granted.

" It is ordered that the defendants be, and they are hereby, restrained from selling the land mentioned in the pleading, which was conveyed by the Silver Valley Mining Company of Baltimore, to the Silver Valley Mining Company of date June 24, 1882, and from selling any of the ore taken from said land, and from disposing of any of the assets of the Silver Valley Mining Company of Baltimore. It is ordered, however, that, provided the defendants give a solvent undertaking, or bond, in the sum of ten thousand dollars, payable to plaintiff, to account for the proceeds of any ore taken from said land, in case the plaintiff should recover in the action, the defendants are allowed to work the mines on said land."

The defendant corporation of this State, having assigned error, appealed.

*Mr. T. B. Eldridge,* for the plaintiff.
*Messrs. M. H. Pinnix, N. B. Bond,* and *F. C. Robins,* for the defendant.

MERRIMON, J.—after stating the case: The plaintiff must allege in his complaint facts sufficient to constitute a cause of action in his favor legal or equitable, or both legal and equitable, in its nature. Otherwise, the defendant may move to dismiss the action, or the Court will *ex mero motu* dismiss it, because, in such case, there is nothing alleged in the pleading that raises the jurisdiction of the Court as to the subject matter of the action and to which it can attach.

And so, also, when the plaintiff asks for relief by injunction in the course of the action as a provisional remedy

therein, he must if he has not, at the time of the application filed his complaint, set forth in his application—his affidavit—ordinarily, such a cause of action. The Court will not—can not—proceed in the action, unless its jurisdiction as to the parties, and the subject matter of it, appears, in some way, allowed by law. Jurisdiction is essential and it must appear by the record. The Court must see a cause of action at least substantially alleged.

We are of opinion that the plaintiff failed to allege a cause of action in himself, and, therefore, the Court ought not to have granted the injunction as to which the appellant complains.

Accepting the plaintiff's allegations as true, for the present purpose, he is not, nor does he purport to be, the owner of the lands and the judgment mentioned in the complaint in controversy. They belong to the Silver Valley Mining Company of Baltimore, of which he is a stockholder, and that company, in the absence of statutory regulation otherwise, is the proper party to assert its rights and seek redress for any invasion of the same by action. In the nature of the matter, it would contravene every principle of intelligent procedure, be impractical and absurd, to allow, ordinarily, one, or more, of the stockholders of a corporation to bring actions to recover property, or the value of it, that belongs to it, or to recover damages for injuries to it, or its property, or to collect debts due to it. Such actions imply corporate disorganization and the absence of corporate integrity and entity. If corporate officers, or agents, will not, or fail to, exercise their corporate powers and authority in the discharge of their duties and obligations to the stockholders of the corporations, or others, the body corporate does not thereby cease to exist, nor can it be ignored as an effective instrumentality for its purposes. The law, statutory and otherwise, supplies ample means whereby to render it operative without necessarily destroying it, or an aban-

donment of it as a corporate being. The remedy of its stockholders and others interested in it is made effective by, through, for, or against it, as the case may be or require. In cases like the present one, the complaining stockholder, or stockholders, should take such action in their company as its charter and by-laws might allow, and these not affording adequate remedy, he, or they, should bring his, or their, action against the corporation and the offending officers of it, to the end such officers should be compelled to a proper discharge of their duties, or be displaced and others put in their places. Pending such action, the Court might—would in proper cases—protect the rights of the corporation, and, through it, the same of the corporators, by the appointment of receivers. And, having in view the same ends, one, or more stockholders might, in possible cases, bring an action in their own names to protect the rights of the corporation, and, through it, their own rights in common with those of all the other stockholders. The right to bring, and the occasion of bringing, such actions arises only when and because the proper corporate officers will not, for some improper consideration, discharge their duties as they should do. But stockholders, as such, may not bring such actions at their pleasure, and have their rights as individuals growing out of the corporation settled and administered. Such actions are allowed because of necessity, and for the benefit of the corporation and its stockholders. Hence, it was held in *Hawes* v. *Oakland* 104 U. S. R., 450, that to entitle a shareholder in a certain water-works company to maintain an action in his own name, it must appear, first, that something has been done, or is threatened to be done, by the directors, which is beyond the authority conferred by the charter or law under which the company was organized; or, secondly, that such fraudulent transactions are threatened, or contemplated, by the directors, either among themselves or with some other party, or with shareholders,

as will result in serious injury to the company or other shareholders; or, thirdly, that the directors, or a majority of them, are acting in their own interest in a manner destructive of the company or the rights of the other shareholders; or, fourthly, that the majority of the shareholders are oppressively and illegally pursuing, in the name of the company, a course of action in violation of the rights of the other shareholders which can only be restrained by a Court of Equity; and, fifthly, that the complaining party must have made an earnest effort to obtain redress at the hands of the directors and shareholders·of the corporation, and that the ownership of the stock by him was vested in him at the time of the transactions of which he complains, or was thereafter transferred to him by operation of law. The case just cited was afterwards cited, and fully approved, by the same Court in *Dimpfill* v. *Ohio & Mississippi Railroad Co.*, 110 U. S., 202, and it was therein further held that it must appear that the plaintiffs had exhausted all·the means in their power to obtain redress of the grievances within the corporation itself. These, and other similar cases, as well as the reason of the matter, show that the cause of action in favor of the complaining stockholders does not arise, and he cannot maintain an action in respect thereto unless such·facts exist and appear by a proper averment. *Planters' Line* v. *Wagner*, 71 Ala., 581; *Showan* v. *Zion*, 79 Ky., 300; *Taylor* v. *Holmes*, 127 U. S., 489.

In the present case, it is alleged that the plaintiff purchased certain certificates of stock of the Silver Valley Mining Company of Baltimore endorsed in bank, but certificates have not been issued to him. It is questionable whether he is a stockholder and entitled to act as such. It seems that, at most, he is only the equitable owner of the shares of stock. When he so purchased them does not appear. It does appear however, that he got them long after most, if not all, the fraudulent transactions complained of. It should

appear that he was the *bona fide* owner of the stock; that he bought the same in good faith and not for mere vexatious purposes.

It is not alleged, nor does it appear in any way, that the plaintiff had ever taken steps within the company last mentioned to correct the grievances of which he complained, although he had known of them for years; nor does it appear that he has ever demanded and required of its officers that they take proper action to prevent them or obtain redress on account of the same. It is alleged that certain officers of the company were the authors of and participators in the alleged frauds and mismanagement and that they refused to take action. But this allegation is indefinite, unsatisfactory and evasive. It seems to be founded upon the allegation that the officers were the authors of and participants in the fraud, and hence would not take such proper action. This is not sufficient. It should be alleged frankly, plainly, and with particularity, that the plaintiff had demanded and required of such officers that they should correct the grievances alleged, and take steps to obtain redress, and that they thereupon refused so to do. It might have been that an earnest effort would have induced or driven such officers to a proper discharge of their duty. Such effort should have been made, and it ought to appear by proper averment that it had been.

Nor does it appear that plaintiff or any other stockholder had brought any action or taken any legal steps in the Courts of the State of Maryland to obtain redress for the company, himself and the stockholders on account of the alleged wrongs. The company was in and of that State, and all the other defendants except the appellant were there. It ought to appear in such case that such legal steps had been taken. An action like the present one should be in aid of a proper one in the proper Court of the State just mentioned. The plaintiff seeks unnecessarily and improp-

104—35

erly to bring a foreign corporation into this State as a defendant in this action, and have the Courts here interpret its charter and by-laws and the regularity and sufficiency of its proceedings and the laws of the State of Maryland bearing on the same. Ordinarily, the Courts of the latter State properly have the exclusive jurisdiction of such matters and things—this should be settled by the proper Courts there. There is total absence of necessity for such extraordinary procedure here, and the Courts of this State will not unnecessarily entertain an action for such purpose. An action such as the present one—there being proper ground for it— should be in effect auxiliary in its nature—in aid of proper actions and proceedings as indicated above, in the Courts of Maryland. *Wilkins* v. *Thorn,* 60 Md., 258; *New Hanover Horse Shoe Nail Co.* v. *Linden Spring Co.,* 142 Mass., 349; *Halsey* v. *McLean,* 12 Allen, 438; *Smith* v. *Life Ins. Co.,* 14 Allen, 436; *Kansas Cons. Co.* v. *Topeka, &c.,* 135 Mass., 34.

Accepting the case as presented, the plaintiff must have been cognizant for many years of the grievances of which he complains. A variety of remedies were open to him. It does not appear that he ever in any way took steps to arrest or seek redress on account of the same, nor is any reason or cause assigned for, or explanation given of such delay. This is singular, and suggestive of a want of good faith. In the meantime, rights of third persons—so far as appears, innocent persons—have supervened. The plaintiff is clearly chargeable with gross *laches,* and upon well settled principles of equity he cannot now be allowed to prejudice such rights.

We need not consider whether the appellant corporation was or was not duly organized, because, as we have seen, the plaintiff has failed to allege such a cause of action in favor of himself as entitles him to maintain this action.

There is error. The order appealed from must be set aside, and the motion for an injunction, pending the action, denied.                                              Error.