## RECOVERY OF CORPORATE FUNDS UNLAWFULLY DISBURSED.

[Circuit Court of Cuyahoga County.]

### T. K. DISSETTE, EXECUTOR, ETC., v. LAWRENCE PUBLISHING COMPANY ET AL.

Decided, November 12, 1906.

*Corporations—Directors—Stockholders—Appropriation of Earnings for Salaries—Properly Applicable as Dividends—Action for Recovery of—Pleading.*

One who has parted with his stock in a corporation can not maintain an action in equity against the corporation and its directors and officers to recover money unlawfully disbursed by them while he was a stockholder.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the Court of Common Pleas.

This was an action brought by plaintiff against the defendant company and its directors and officers to recover his share of money claimed to have been unlawfully paid out by the company to said officers and directors as salaries, when it should have been paid out as dividends. He alleges that he was a stockholder in the company at the time the acts complained of occurred and that he brings his action for the benefit of all stockholders who may desire to join with him in prosecuting the same.

There is no allegation that plaintiff was the owner of any stock in the corporation at the time he brought his action, and for this reason a demurrer to the petition was sustained.

The allegation with regard to the wrong-doing of the officers and directors is as follows:

"That in the month of October, 1904, the defendants or said directors, being officers and employes of the Lawrence Publishing Company, without any notice to this plaintiff, at a meeting of said directors, did make a distribution or dividend of the net earnings of said company to the amount of about forty-five thousand six hundred ($45,600) dollars. That said

sum of forty-five thousand six hundred ($45,600) dollars was in fact a dividend duly declared out of the profits of said company by said directors, but in order to defraud this plaintiff of his proper proportion of said dividend, said sum was made payable to themselves alone by way of salaries, said salaries in said resolution being made to date back some ten months prior to the passage of said resolution. That besides the said estate and defendants herein, there is but one stockholder of said corporation. That no one not a director or an employe shared in said dividend, but said directors wrongfully converted the entire sum of $45,600 to their own use, and have refused and do now refuse to give to this plaintiff his proper proportion of said dividend. That said salaries were excessive and were fixed by their own votes alone and for the purpose of depriving non-office-holding stockholders of their fair share of the profits.''

If this allegation is to be construed as intending that the directors duly declared a dividend of a certain per cent. payable to all stockholders of record at the time, which fund the officers subsequently converted to their own use, then, manifestly, plaintiff might maintain his action at law against the corporation for this debt due him. But we do not so construe the language of the petition. We think the pleader states that instead of declaring a dividend, as they should have done, the directors voted the surplus funds to themselves and other officers, as additional salaries.

This wrong-doing created a cause of action in favor of the corporation for the recovery of the money thus unlawfully disbursed. The money when recovered would be available for a dividend to be then declared, payable to the stockholders then owning the stock. Upon the corporation's refusing to bring the action, any stockholder might bring it in behalf of the corporation, but one who had ceased to be a stockholder could not bring it. He has no further interest in the corporation, for undeclared dividends belong to the purchasers of shares.

This view is recognized by the case of *Zinn* v. *Baxter*, 65 O. S., 341, 366.

Counsel for plaintiff contend that unless such action can be brought by one who owned stock at the time the wrong

occurred, but has since parted with his stock, then no action can be brought by anybody, because a stockholder who acquires his stock thereafter can not maintain the action.

This argument not only involves a *non sequitur*, but the last proposition is not the law in Ohio.

The case of *Hawes* v. *Oakland*, 104 U. S., 450, is cited as authority for the rule that only a stockholder, who was such at the time of the transactions of which he complains, can maintain an action in equity against the corporation and its directors and officers to recover on rights primarily assertable by the corporation.

It is true that such is the doctrine of the federal courts and at the time the case cited was decided by the Supreme Court of the United States formulated that principle as a part of rule 94 of practice in equity.

The reason for the holding as well as for rule 94 is apparent. There had been so many collusive transfers of stock for the purpose of vesting jurisdiction of such cases in the federal courts, that extreme measures were necessary to prevent the practice.

We are inclined to think that the more reasonable rule and the one most likely to be adopted in a proper case in Ohio, is expressed by the Supreme Court of North Carolina in the case of *Moore* v. *Silver Valley Mining Company*, 104 N. C., 534, where it is said that it should appear that the plaintiff is a *bona fide* owner of stock; that he bought the same in good faith and not for mere vexatious purposes.

Judgment affirmed.

*Dissette, Dissette & Dissette* and *Wm. M. Raynolds*, for plaintiff in error.

*Carr, Stearns & Chamberlain*, for defendants in error.