IIax.1., Judge,
 

 delivered the opinion of the Court:
 

 The jury have found, that at the time the defendant purchased the old bond, he had no knowledge that it liad been paid. If by that purchase he had obtained any legal advantage of the complainant, and one or the other must have suffered in consequence of Ruffin’s insolvency, equity would not interfere, but leave the loss where the law placed it. . But by that purchase he gained no legal advantage. He could not have recovered at law upon
 
 *244
 
 that bond, for Thigpen liad a good defence. Afterward» during the solvency of Ruffin, the jury find that the defendant had full notice that the bond was discharged; yet with this notice, and before Ruffin’s insolvency, lie procured complainant to give him the. bond on which he had obtained judgment, founded on no other consideration than the circumstance, that Thigpen bad been security in the first bond. Here was such a concealment of the true situation in which the parties stood, and such an attempt to wrest money out of the complainant, without any consideration, when the defendant ought to have sought his remedy elsewhere, if Ruffin really owed him, that this Court ought to interfere. It is therefore ordered and decreed, that thp Defendant pay to the Complainant, the full amount of all the money which he received upon his judgment at law, with interest thereon from the time he received it, as well as all costs at law which Complainant was bound to pay, together with the costs of this suit.