A. A. McINNISH AND JAMES MONROE v. THE BOARD OF EDUCATION OF HOKE COUNTY.

(Filed 2 April, 1924.)

1. Schools—Education—Counties — Statutes — Discretionary Powers — Courts.

The county board of education is given discretionary powers by statute to direct and supervise the county school system for the benefit of all the children therein, including the duty, among others, of selecting a school site, with which the courts will not interfere in the absence of its abuse.

McINNISH *v.* BOARD OF EDUCATION.

### 2. Same—School Sites—Trial by Jury—Constitutional Law.

The right to trial by jury upon an issue involving the exercise by a county board of education in its selection of a site for a public-school building therein, conferred by Public Laws 1923, ch. 136, is not given by Article XIX, section 1, of the State Constitution.

APPEAL from *Sinclair, J.,* at November Term, 1923, of HOKE.

On 2 January, 1923, the defendant consolidated Rockfish, Harmony, and Pine Forest School districts and selected a site for a suitable school building. The plaintiffs brought suit to enjoin the erection of the building on the proposed site chiefly for these reasons: (1) the track of the Aberdeen and Rockfish Railroad adjoins the lot and the passing, stopping, and shifting of trains will expose the children to danger; (2) a cotton gin is situated near the site; (3) an electric power line has been constructed over a part of the lot. The defendant filed an answer and specifically denied or explained the allegations of the complaint, and the motion for the restraining order was heard at chambers on 3 September, 1923, and denied. At the November term the case came on for hearing, and the plaintiffs moved for a jury trial and tendered issues relating to the alleged dangerous agencies and to the question whether the defendant had abused its discretion. The judge denied the plaintiffs' motion. To the denial of these motions the plaintiffs excepted and appealed.

*Bullard & Stringfield for plaintiffs.*
*Currie & Leach and McIntyre, Lawrence & Proctor for defendant.*

ADAMS, J. In our opinion his Honor was correct in denying each motion.

1. The county board of education is given the power and authority to direct and supervise the school system for the benefit of all the children in the county, and in the exercise of its functions to perform certain assigned duties. Among these is the duty of selecting sites and building schoolhouses, and the performance of this duty necessarily involves the exercise of discretion. P. L. 1923, ch. 136, sec. 28 *et seq.*, sec. 59 *et seq.*

In our jurisprudence the principle is established that in the absence of gross abuse the courts will not undertake to direct or control the discretion conferred by law upon a public officer. *School Com. v. Bd. of Ed.,* 186 N. C., 643; *Davenport v. Bd. of Ed.,* 183 N. C., 570; *Newton v. School Com.,* 158 N. C., 187; *Jeffress v. Greenville,* 154 N. C., 492, 500. The plaintiffs do not controvert this position but they insist that the defendant has abused its discretion and that the restraining

order should have been continued to the hearing. We have given the record a careful examination and find no such abuse of discretion as the plaintiffs have alleged.

2. The plaintiffs insist that they were entitled to a trial by jury as to the eligibility of the site selected and as to the dangers to which the children would be exposed while attending the school.

"In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." Constitution, Art. I, sec. 19.

In *Groves v. Ware,* 182 N. C., 553, it was held that the right to a trial by jury as provided in this section applies only to cases in which the prerogative existed at common law or was procured by statute at the time the Constitution was adopted, and not to those in which the right and the remedy are thereafter created by statute.

The section cannot be invoked to deprive a public official of the discretion with which he is clothed by legislative enactment. *Comrs. v. George,* 182 N. C., 414; *Corporation Commission v. R. R.,* 170 N. C., 560; *Porter v. Armstrong,* 134 N. C., 447; *Ledbetter v. Pinner,* 120 N. C., 458; 43 L. R. A., 56; 16 R. C. L., 224. The judgment is

Affirmed.