TILLIE MAY HAGLER, WIDOW OF WILLIAM HAGLER, DECEASED, AND
HER CHILDREN, DEPENDENTS, v. MECKLENBURG HIGHWAY COMMIS-
SION, EMPLOYER.

(Filed 6 May, 1931.)

1. **Appeal and Error A e—Whether award to dependents of county em-
ployee was in violation of Art. VII, sec. 7, held academic on this
appeal.**

Where on appeal from an award of the Industrial Commission to the
dependents of an employee of a county highway commission there is
nothing in the record showing that the board of commissioners of the
county has attempted to levy a tax, contract a debt, pledge its faith, or
loan its credit in breach of Article VII, section 7, of the Constitution, an
objection to the award on the ground that the Workmen's Compensation
Act is in conflict with the provisions of Article VII, section 7, presents an
academic question, and one which should be considered only upon a full
disclosure of all facts in a proceeding to which the board is made a party
and given an opportunity to be heard.

2. **Master and Servant F d: Jury C c—Trial by jury is not constitutional
right under Workmen's Compensation Act.**

The State has waived its sovereignty as to the claim of an injured em-
ployee under the Workmen's Compensation Act, and under the act trial
by jury is not a constitutional right, and an objection to an award of
the Industrial Commission to the dependents of a county employee on the
ground that the act deprives the defendant of its right to trial by jury
is without merit. Const., Art. I, sec. 19.

APPEAL by defendant from *Cowper, Special Judge,* at March Term,
1931, of MECKLENBURG. Affirmed.

The Mecklenburg Highway Commission is a corporation created by
the General Assembly at the session of 1921. Public-Local Laws 1921,
ch. 383. It has full charge of the building, maintenance, repair, and
improvement of such of the public roads of the county as are not a part
of the State system. At the time of his injury and death William
Hagler was one of its employees and was engaged in the performance of
assigned duties. These are admitted facts. The dependents of the de-
ceased filed their claim for compensation with the Industrial Commis-
sion, who adjudged that the defendant pay the widow of the deceased
compensation at a weekly rate of $10.80 for a period of 350 weeks, and,
to the person entitled, funeral expenses not to exceed $200. From the
award the defendant appealed to this Court.

*J. L. Delaney for appellant.*
*Pharr, Bell & Pharr for appellees.*

ADAMS, J. The appellant contends that the award of the Industrial Commission should be set aside for two reasons: (1) The Workmen's Compensation Act (P. L. 1929, ch. 120) is in conflict with the Constitution, Article VII, sec. 7, which provides that "no county, city, town or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officer of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein"; (2) the act deprives the defendant of its right to a trial by jury, in contravention of Article I, section 19, which provides that "in all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable."

The first objection raises an academic question. There is nothing in the record showing that the board of commissioners of Mecklenburg County has attempted to levy a tax or to contract a debt, or to pledge its faith, or to loan its credit in breach of Article VII, section 7, of the Constitution. A question of this importance should be considered and determined upon a full disclosure of all facts in a proceeding to which the board is made a party and given an opportunity to be heard.

The second ground of objection is without merit. The State has waived its sovereignty as to the claim of an injured employee, and neither the State nor any of its political subdivisions has the right to reject the provision of sections 5, 6, 15, 16, 17 of the Compensation Law, or any of its provisions relative to payment and acceptance of compensation. Section 8. *Baker v. State, ante,* 236; *Moore v. State, ante,* 300. Under this act trial by jury is not a constitutional right. *McInnish v. Board of Education,* 187 N. C., 494; *Groves v. Ware,* 182 N. C., 553; *Commissioners v. George, ibid.,* 415; *Mountain Timber Co. v. Washington,* 243 U. S., 219, 61 Law Ed., 685. Judgment

Affirmed.