FRANCES PRATT KISER v. WINFORD J. B. KISER

No. 499PA88

(Filed 9 November 1989)

**1. Jury § 1 (NCI3d) — right to jury trial — constitutional guarantee**
     Art. I, § 25 contains the sole substantive guarantee of the right to trial by jury under the N. C. Constitution while Art. IV, § 13 ensures that the right as defined in Art. I will be available in all civil cases, regardless of whether they sound in law or equity.

     **Am Jur 2d, Jury § 10.**

**2. Jury § 1 (NCI3d) — right to jury trial — prerogatives existing in 1868**
     The right to trial by jury under Art. I, § 25 will be found only where the prerogative existed by statute or at common law at the time the Constitution of 1868 was adopted.

     **Am Jur 2d, Jury § 17.**

**3. Jury § 1 (NCI3d) — right to jury trial — creation by statute**
     A right to trial by jury can be created by statute even though the right is not constitutionally protected.

     **Am Jur 2d, Jury § 30.**

4. **Jury § 1 (NCI3d); Divorce and Alimony § 30 (NCI3d)— equitable jurisdiction—no constitutional right to jury trial**

There is no right under Art. I, § 25 of the N. C. Constitution to trial by jury on questions of fact arising in an equitable distribution proceeding where the right to bring an action for equitable distribution did not exist prior to 1868 but was created by the legislature in 1981, and the equitable distribution statutes did not provide for a right to a jury trial.

**Am Jur 2d, Divorce and Separation §§ 342, 870; Jury §§ 30, 32.**

5. **Jury § 1 (NCI3d); Divorce and Alimony § 30 (NCI3d)— equitable distribution—no right to jury trial**

There is no right under Art. IV, § 13 of the N. C. Constitution to a jury trial on questions of fact in an equitable distribution proceeding since Art. IV, § 13 does not create a substantive right to trial by jury in addition to that found under Art. I, § 25 but merely establishes the form and procedure for the trial of all civil actions, including the procedure of having issues of fact decided by a jury in what were formerly equitable proceedings.

**Am Jur 2d, Jury §§ 15, 17, 32.**

Justice WEBB dissenting.

ON plaintiff's petition for discretionary review prior to determination by the Court of Appeals, pursuant to N.C.G.S. § 7A-31(b), of an order granting defendant's motion for a jury trial entered by *Vaden, J.,* on 3 October 1988 in District Court, GUILFORD County. Heard in the Supreme Court 10 April 1989 and 11 September 1989.

*Walter W. Baker, Jr. and Jeffrey L. Mabe for plaintiff-appellant.*

*Joe D. Floyd; Schoch, Schoch and Schoch, by Arch Schoch, Jr. and Michael W. Sigler, for defendant-appellee.*

MARTIN, Justice.

This case raises the question of whether there is a right to trial by jury in an equitable distribution action under the North Carolina Constitution. We answer the question in the negative.

KISER v. KISER

[325 N.C. 502 (1989)]

In brief, the facts show that the plaintiff filed a complaint requesting an absolute divorce from her husband and equitable distribution of all marital property. In his answer, the defendant requested a jury trial to resolve issues of fact concerning several matters in controversy, including valuation and acquisition of certain property, intent to make a gift to the marital estate of certain property, and alleged dissipation of marital assets.

In response, the plaintiff moved for an order denying trial by jury. The trial court ruled in favor of the defendant's motion, thus permitting the jury trial. Notice of appeal was immediately given by the plaintiff. This being a case of first impression with this Court and because of the important legal questions involved, this Court agreed to hear the case on discretionary review prior to determination by the Court of Appeals, pursuant to N.C.G.S. § 7A-31(b).

An examination of the historical development of the right to trial by jury in this state is helpful in understanding the constitutional guarantee as it exists today. North Carolina has had three constitutions during the course of its history. Sanders, *A Brief History of the Constitutions of North Carolina*, in *North Carolina History* 795 (J. L. Cheney, Jr. ed. 1981). The first constitution, which was promulgated in 1776, contained a provision expressly preserving the right to trial by jury. That provision, article I, section 14, declared:

> That in all controversies at law, respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable.

N.C. Const. of 1776, art. I, § 14.

This constitution did not include a separate Judicial Article as does the current constitution, but rather left the organization of the court system in the hands of the legislators. Sanders, *A Brief History of the Constitutions of North Carolina*, in *North Carolina History* 795 (J. L. Cheney, Jr. ed. 1981). Although most American jurisdictions did not recognize a right to trial by jury in equity cases at that time, the North Carolina legislature expressly provided such a right by statute in 1782. 1782 N.C. Sess. Laws ch. 11, § 3. *See* Van Hecke, *Trial by Jury in Equity Cases*, 31 N.C.L. Rev. 157 (1952-53); *cf.* Chesnin and Hazard, *Chancery Pro-*

KISER v. KISER

[325 N.C. 502 (1989)]

*cedure and the Seventh Amendment: Jury Trial of Issues in Equity Cases Before 1791*, 83 Yale L.J. 999 (1974) (demonstrating the use of jury trials in eighteenth century courts of equity). Prior to the passage of that statute, the legislature had denied equity jurisdiction entirely to judges because of the sentiment that all issues of fact in North Carolina should be tried by jury and the belief that this right to a jury trial would be infringed upon if a judge was permitted to sit as the trier of fact in a court of equity. 1 Ashe, *History of North Carolina* 714 (1908). History shows that the legislature finally bent to pressure from attorneys to establish equitable jurisdiction in the superior courts in 1782, but only after expressly establishing a statutory right to trial by jury in equity cases brought in those courts. 1782 N.C. Sess. Laws ch. 11, § 3; Van Hecke, *Trial by Jury in Equity Cases*, 31 N.C.L. Rev. 157, 159 (1952-53). Under that statute, North Carolina courts routinely provided binding jury verdicts for questions of fact arising in cases in equity. Van Hecke, *Trial by Jury in Equity Cases; see, e.g., Strudwick v. Ashe*, 7 N.C. 207 (1819); *Williams v. Howard*, 7 N.C. 74 (1819); *Thigpen v. Balfour*, 6 N.C. 242 (1813); *Jordan v. Black*, 6 N.C. 30 (1811); *Jackson v. Marshall's Adm'r.*, 5 N.C. 323 (1809); *Smith v. Bowen*, 3 N.C. 296 (1804); *Mourning v. Davis*, 3 N.C. 219 (1802); *Scott v. McDonald*, 3 N.C. 98 (1799).

The citizens of North Carolina ratified their second constitution in 1868. With only a few grammatical changes, that constitution retained the language found in article I, section 14 of the Constitution of 1776 regarding substantive rights to a jury trial. N.C. Const. of 1868, art. I, § 19. In the time between the drafting of the original constitution and the drafting of the Constitution of 1868, however, procedures regarding the right to trial by jury in equity cases had undergone changes in North Carolina. *See generally* Van Hecke, *Trial by Jury in Equity Cases*, 31 N.C.L. Rev. 157, 159-60 (1952-53). In 1823, the legislature replaced the statutory right to trial by jury in equity cases with a statutory right to an advisory jury only in those cases.[1] Despite this statutory change, however, equity cases continued to be tried before a binding jury through the

---

1. 1823 N.C. Sess. Laws ch. 35. This statutory authorization of advisory juries stood until 1873 when this Court ruled in *Lee v. Pearce*, 68 N.C. 76 (1873) that after article IV, section 1 of the Constitution of 1868 abolished the distinction between law and equity, all issues of fact in causes of action existing at that time would be entitled to be tried by jury. *See also Worthy v. Shields*, 90 N.C. 192 (1884); *Chasteen v. Martin*, 81 N.C. 51 (1879).

device of a feigned issue. *See generally* Chesnin and Hazard, *Chancery Procedure and the Seventh Amendment: Jury Trial of Issues in Equity Cases Before 1791*, 83 Yale L.J. 999 (1974). Through this procedure, the jury in the law courts would determine the feigned issue, thus deciding the factual question in the underlying equity case as well.

In addition to the substantive right to a jury trial found in article I of the original constitution, the Constitution of 1868 contained a Judicial Article which included a section addressing jury trials. That section, article IV, section 1, stated:

> The distinction between actions at law and suits in equity, and the forms of all such actions and suits shall be abolished, and there shall be in this State but one form of action, for the enforcement or protection of private rights or the redress of private wrongs which shall be denominated a civil action. . . . Feigned issues shall be abolished and the fact at issue tried by order of court before a jury.

N.C. Const. of 1868, art. IV, § 1.[2]

This Court consistently held that article IV, section 1 of the Constitution of 1868 was drafted with the clear intent of abolishing burdensome procedural differences between cases tried in equity and those tried at law. *See, e.g., Worthy v. Shields*, 90 N.C. 192 (1884); *Chasteen v. Martin*, 81 N.C. 51 (1879); *Lee v. Pearce*, 68 N.C. 76 (1873). In that respect this Court held in *Lee*:

> The provision in our present Constitution, by which the distinction between actions at law and suits in equity is abolished, and the subsequent legislation affects only the mode of procedure, and leaves the principles of law and equity intact. . . . [I]n other words the principles of both systems are preserved, the only change being, that these principles are applied and acted on in one court and in one mode of procedure.

*Id.* at 79-80. Accordingly, this section created no additional substantive rights to trial by jury in all civil cases, but rather assured that the jury trial rights substantively guaranteed by article I, section 19 (now article I, section 25) would apply equally to ques-

---

2. Article IV, section 1 of the Constitution of 1868 was amended in 1962 to delete the archaic language referring to feigned issues and reorganized as article IV, section 11. 1961 N.C. Sess. Laws ch. 313.

tions of fact arising in cases brought in equity as well as cases brought at law.

Our third and current constitution, which was ratified in 1970, also contains two sections addressing trial by jury. Article I, the Declaration of Rights section, addresses the substantive constitutional right to trial by jury in civil cases in almost the exact language found in the original Constitution of 1776, stating:

> *Right of jury trial in civil cases.* In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable.

N.C. Const. of 1971, art. I, § 25.

In addition to preserving this substantive right to trial by jury under article I, the current constitution again reiterates the abolition of procedural distinctions between cases brought in equity and those brought at law in article IV, the judicial section of the constitution. Section 13 of article IV, which parallels article IV, section 1 (later article IV, section 11) of the Constitution of 1868 states in relevant part:

> (1) *Forms of Action.* There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action, and in which there shall be a right to have issues of fact tried before a jury.

N.C. Const. of 1971, art. IV, § 13(1).

[1]  Thus, article I, section 25 contains the sole substantive guarantee of the important right to trial by jury under the state constitution while article IV, section 13 ensures that the right as defined in article I will be available in all civil cases, regardless of whether they sound in law or equity.

[2,3]  The right to trial by jury under article I has long been interpreted by this Court to be found only where the prerogative existed by statute or at common law at the time the Constitution of 1868 was adopted. *In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 309 S.E.2d 183 (1983); *N.C. State Bar v. Dumont*, 304 N.C. 627, 286 S.E.2d 89 (1982); *In re Clark*, 303 N.C. 592, 281 S.E.2d 47 (1981); *In re Wallace*, 267 N.C. 204, 147 S.E.2d 922 (1966); *Utilities Commission v. Trucking Co.*, 223 N.C. 687, 28 S.E.2d 201 (1943);

*Belk's Department Store, Inc. v. Guilford County*, 222 N.C. 441, 23 S.E.2d 897 (1943); *Railroad v. Parker*, 105 N.C. 246, 11 S.E. 328 (1890). Conversely, where the prerogative did not exist by statute or at common law upon the adoption of the Constitution of 1868, the right to trial by jury is not constitutionally protected today. *See, e.g., In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 309 S.E.2d 183 (no jury trial right where sovereign immunity would have prevented the suit at common law); *In re Clark*, 303 N.C. 592, 281 S.E.2d 47 (no jury trial right in case involving parental rights); *In re Annexation Ordinances*, 253 N.C. 637, 649, 117 S.E.2d 795, 804 (1961) ("The right to a trial by jury is not guaranteed in those cases where the right and the remedy have been created by statute since the adoption of the Constitution [of 1868]"); *Utilities Commission v. Trucking Co.*, 223 N.C. 687, 28 S.E.2d 201 (no jury trial right in petition for trucking franchise certificate); *Belk's Department Store, Inc. v. Guilford County*, 222 N.C. 441, 23 S.E.2d 897 (no jury trial right for controversy over tax valuation); *Unemployment Compensation Comm. v. Willis*, 219 N.C. 709, 15 S.E.2d 4 (1941) (no jury trial right in cases involving administration of the tax laws); *Hagler v. Highway Commission*, 200 N.C. 733, 158 S.E. 383 (1931) (no jury trial right under the Workmen's Compensation Act); *McInnish v. Bd. of Education*, 187 N.C. 494, 122 S.E. 182 (1924) (no jury trial right for discretionary administrative decision regarding site for school building); *Groves v. Ware*, 182 N.C. 553, 109 S.E. 568 (1921) (jury of six constitutionally acceptable in insanity hearing); *Phillips v. Phillips*, 73 N.C. App. 68, 326 S.E.2d 57 (1985) (no jury trial right for equitable distribution action). Where the cause of action fails to meet these criteria and hence a right to trial by jury is not constitutionally protected, it can still be created by statute. N.C.G.S. § 1A-1, Rule 38(a) (1983) ("The right of trial by jury as declared by the Constitution or statutes of North Carolina shall be preserved to the parties inviolate.").

[4]  The right to bring an action for equitable distribution of marital property did not exist prior to 1868, but was newly created by the General Assembly in 1981 with the passage of 1981 N.C. Sess. Laws ch. 815. Prior to the passage of this act the distribution of assets upon divorce depended on the application of other rules of law. Hence, there is no constitutional right to trial by jury on questions of fact arising in a proceeding for equitable distribution of marital assets under our longstanding interpretation of article I, section 25 and its predecessors, but rather any right to

jury trial would have to be created by the express language of the act itself. No such right is contained in the equitable distribution statutes. Rather, the only reference to jury trial rights in the statutes says merely, "[n]othing in G.S. 50-20 or this section shall restrict or extend the right to trial by jury as provided by the Constitution of North Carolina." N.C.G.S. § 50-21(c) (1987).

[5] The parties are apparently in agreement that there is no right to trial by jury in an equitable distribution action under article I, section 25 of the North Carolina Constitution, nor in the express language of the statute itself. The defendant, however, believes that a constitutional right can be found separately under article IV, section 13. Relying on the language of that section, the defendant reasons that an equitable distribution action is a civil action within the meaning of article IV, section 13 and therefore a right to have issues of fact tried before a jury should attach. It is the defendant's contention that article IV, section 13 contains a wholly separate substantive right to trial by jury in addition to that found under article I. Therefore, the defendant contends that the long line of precedent under article I, section 25 disallowing jury trial rights where the right did not exist prior to 1868 would be irrelevant in a case such as this claiming a right under article IV, section 13.

In support of this contention, the defendant turns to *Faircloth v. Beard*, 320 N.C. 505, 358 S.E.2d 512 (1987). Defendant urges this Court to construe *Faircloth* broadly as holding that article IV, section 13 creates a constitutional right to trial by jury in all civil cases arising from controversies affecting private rights and redressing private wrongs. This we decline to do. As Justice Holmes wrote in *Springer v. Philippine Islands*, 277 U.S. 189, 209, 72 L. Ed. 845, 852 (1928) about the Constitution of the United States, section 25 of our Declaration of Rights is one of the "great ordinances of the Constitution."[3] Other provisions of our federal

---

3. The introduction to article I of the North Carolina Constitution of 1971 reflects the special status of the fundamental rights protected therein:

DECLARATION OF RIGHTS

That the great, general, and essential principles of liberty and free government may be recognized and established, and that the relations of this State to the Union and government of the United States and those of the people of this State to the rest of the American people may be defined and affirmed, we do declare . . . .

N.C. Const. of 1971, art. I.

Constitution are of a less exalted quality. Such is article IV, section 13 of the North Carolina Constitution. It concerns details of governmental administration deemed worthy of a place in the *organic* document, but of a less fundamental nature than the subject matter of article I, section 25. Article IV, section 13 announces no great principle of government but touches upon the mechanics and administration of the court system in the trial of what were formerly equity cases. *Lee v. Pearce*, 68 N.C. 76 (holding that article IV, section 1 (now section 13) affects only the mode of procedure for law and equity cases). The title of section 13 of article IV, "Forms of action; rules of procedure," indicates the administrative purpose of the section. The section unifies legal and equitable actions into a single form of action. The "right to have issues of fact tried before a jury" manifests that this new single form of action is subject to article I, section 25. Unlike article I, section 25, this provision is not a declaration of a right to jury trial in civil cases. *See* N.C. Const. of 1971, art. I, sec. 25. The difference in the natures of these two provisions requires that different rules of interpretation be applied to them. The "great ordinances" are interpreted as evolving responsively to the felt needs of the times, whereas lesser provisions are not broadly or expansively applied. *See State v. Harris*, 216 N.C. 746, 6 S.E.2d 854 (1940).

We hold that article I, section 25 and article IV, section 13 must be read in conjunction with one another. Article IV, section 13 merely establishes the form and procedure for the trial of *all* civil actions, including the procedure of having issues of fact decided by a jury in what were formerly equity proceedings. In order to determine whether there exists a constitutional right to trial by jury of a particular cause of action, we look to article I, section 25, which ensures that there is a right to trial by jury where the underlying cause of action existed at the time of adoption of the 1868 constitution, regardless of whether the action was formerly a proceeding in equity.

Our decision today does not disturb the result in *Faircloth*. In *Faircloth*, this Court considered whether a right to trial by jury existed in a shareholders' derivative suit and held that such a right did exist. Although the right to bring a shareholders' derivative action was not statutorily recognized until 1973, 1973 N.C. Sess. Laws ch. 469, § 12, there was a common law right to bring a shareholders' derivative suit in courts of equity long before that time. *See, e.g., Hawes v. Oakland*, 104 U.S. 450, 26

KISER v. KISER

[325 N.C. 502 (1989)]

L. Ed. 827 (1881); *Dodge v. Woolsey*, 59 U.S. (18 How.) 331, 15 L. Ed. 401 (1856); *Coble v. Beall*, 130 N.C. 533, 41 S.E. 793 (1902); *Moore v. Silver Valley Mining Co.*, 104 N.C. 534, 10 S.E. 679 (1889); *Foss v. Harbottle*, 67 Eng. Rep. 189 (1843); *see generally* R. Magnuson, 1 *Shareholder Litigation* § 8.01 (1984) (detailing the historical development of shareholders' derivative actions at common law); R. Robinson, *N.C. Corporations Law and Practice* §§ 14-1 — 14-9 (3d ed. 1983) (explaining the common law rules surrounding early shareholders' derivative suits in North Carolina). This Court held in *Lee v. Pearce*, 68 N.C. 76, that as a result of article IV, section 1 of the Constitution of 1868 (now article IV, section 13 of the Constitution of 1971), the right to trial by jury established by article I, section 19 (now article I, section 25) would apply to all civil cases where the cause of action existed in 1868, regardless of whether the case was founded historically in equity or at law. Thus, under the reasoning of our case law interpreting article I, section 25 and article IV, section 13, there was an article I right to trial by jury in a common shareholders' derivative suit upon the adoption of the Constitution of 1868.

Unlike the common law right to bring a shareholders' derivative suit, however, no right to bring an action for equitable distribution of marital property existed prior to the adoption of the equitable distribution statutes, N.C.G.S. §§ 50-20 and 50-21, in 1981. Therefore, there is no right to trial by jury for such an action under the Constitution of North Carolina. The plain language of the equitable distribution statutes themselves creates no new right to a trial by jury. Accordingly, the decision of the trial court is reversed, and this cause is remanded to the District Court, Guilford County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice WEBB dissenting.

I dissent. I begin by referring to article IV, section 13 of the Constitution of North Carolina, which says in pertinent part:

There shall be in this State but one form of action for the enforcement of private rights or the redress of private wrongs, which shall be denominated a civil action, and in which there shall be a right to have issues of fact tried before a jury.

I do not believe this section needs any interpretation in its application to this case. It plainly says that in this case, which is an action to enforce a private right to equitable distribution, the parties have a right to have issues of fact tried by a jury.

The majority has filed an opinion supported by much reasoning and history, as I suppose it must, if it is to hold that this constitutional provision which says that in a civil action to enforce a private right "there shall be a right to have issues of fact tried before a jury" does not mean a party may have issues of fact tried before a jury. One difficulty for me with the majority reasoning and history is that I believe it is irrelevant to the resolution of this case. If there is one principle which is well established in the interpretation of our Constitution it is that if the meaning is plain we do not go beyond the plain meaning. *Elliott v. Board of Education*, 203 N.C. 749, 166 S.E. 918 (1932). I do not see how the meaning of article IV, section 13 could be any more plain and I believe we have erred in ignoring it.

It may be that it is better not to try equitable distribution actions before juries. I do not believe this justifies us in revising the Constitution to reach this result. Judicial tyranny will be the consequence if we do not know and observe our limits.

The majority makes much of what it says is the procedural nature of article IV of our Constitution as opposed to the substantive rights enumerated by article I. I do not agree with this dichotomy, but if there is such a distinction, nowhere does the majority tell us why this should make a difference. If article IV deals only with procedure, the procedure requires that the parties be entitled to a jury trial in civil actions to enforce private rights and redress private wrongs.

After quoting *Lee v. Pearce*, 68 N.C. 76 (1873), which says that under our Constitution the abolishment of the distinction between law and equity affects only the mode of procedure and leaves the principles of law and equity intact, the majority says, "[a]ccordingly, this section created no additional substantive rights to trial by jury in all civil cases, but rather assured that the jury trial rights substantively guaranteed by article I, section 19 (now article I, section 25) would apply equally to questions of fact arising in cases brought in equity as well as cases brought at law." I do not believe such an inference arises "accordingly" or at all. The language from *Lee v. Pearce*, upon which the majority relies, was

not written in regard to the question of whether there should be a jury trial but as to what remedies were available in a fraud case.

As I read the majority opinion, it takes a great deal of liberty with *Lee v. Pearce*. That case involved an action to set aside a deed on the ground it was procured by fraud. The plaintiff was granted a new trial because of errors in the charge. This Court discussed at length the rules regarding fraud as they existed in the common law courts and in chancery, and how these rules should be applied when they were enforced by our courts after the Constitution required that they be applied by our courts. The only reference I can find to jury trials in that opinion is in the last paragraph where it was said the Constitution required a jury trial in that case. I cannot find anything in that opinion which supports the assertion in the majority opinion in this case which says, "[t]his Court held in *Lee v. Pearce*, 68 N.C. 76, that as a result of article IV, section 1 of the Constitution of 1868 (now article IV, section 13 of the Constitution of 1971), the right to trial by jury established by article I, section 19 (now article I, section 25) would apply to all civil cases where the cause of action existed in 1868, regardless of whether the case was founded historically in equity or at law."

It is true, as the majority says, and as we said in *Faircloth v. Beard*, 320 N.C. 505, 358 S.E.2d 512 (1987), that there have been many cases which interpret article I, section 25 and say that a party is entitled under our Constitution to a jury as a matter of right only if the right existed at common law or by statute when the Constitution of 1868 was adopted. I cannot explain all these cases. Many of them do not involve private rights or wrongs. None of them interpret article IV, section 13. At any rate I believe we should adhere to our statement in *Faircloth* that "[i]f we were to say that these cases hold Article IV, Sec. 13 does not apply in determining a right to a jury trial we would be amending the Constitution by eliminating this section." *Id.* at 508, 358 S.E.2d 514. I believe we have today amended the Constitution of North Carolina.

In order to reach the result we want in this case we have overruled the reasoning of *Faircloth v. Beard*, 320 N.C. 505, 358 S.E.2d 512, the first time an opportunity has arisen. This can hardly contribute to confidence in the stability of the law as applied by this Court. The majority says the defendant asks us to construe *Faircloth* broadly. The defendant has done no such thing. He asks

us to construe *Faircloth* as it was written, a unanimous opinion by this Court, and we have declined to do so. The majority has even adopted the remarkable proposition that some parts of the Constitution should be subject to different rules of construction than other parts. If this is to be the law it could come back to haunt us. At any rate the majority has not interpreted article I, section 25 expansively, as it says it must, but restrictively.

I vote to affirm the order of the District Court of Guilford County.