FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM CHARLES H. ELKINS SR., IN THE ORIGINAL AMOUNT OF $130,900.00, DATED SEPTEMBER 19, 2001, AND RECORDED IN BOOK 2201, PAGE 535, FORSYTH COUNTY REGISTRY; CURRENT OWNER(S): CHARLES H. ELKINS JR. AND JOHN W. ELKINS; SUBSTITUTE TRUSTEES: PRIORITY TRUSTEE SERVICES OF NC, L.L.C. OR KENNETH D. CAVINS OR MATRESSA MORRIS OR CECELIA E. STEMPLE

No. COA08-150

(Filed 7 October 2008)

**1. Appeal and Error— appealability—denial of jury trial**

An interlocutory order denying a motion for a jury trial on whether a foreclosure should proceed affected a substantial right and was immediately appealable.

**2. Constitutional Law— foreclosure—no right to jury trial**

Article IV, Section 13 of the North Carolina Constitution did · not guarantee appellant a jury trial in this foreclosure proceeding.

**3. Mortgages and Deeds of Trust— foreclosure—authorization to proceed—superior court—no right to jury trial**

N.C.G.S. § 45-21.6 did not create a right to trial by jury on whether a foreclosure should proceed.

**4. Appeal and Error— preservation of issues—constitutional issues—not raised at trial**

Issues of fairness and due process under the North Carolina Constitution that were not raised at trial were not preserved for appellate review.

Appeal by owners from order entered 17 September 2007 by Judge Henry E. Frye, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 18 August 2008.

*Morris, Schneider, Prior, Johnson & Freedman, L.L.C., by Wendy A. Owens, for trustees-appellees.*

*John W. Elkins, pro se.*

MARTIN, Chief Judge.

Charles H. Elkins, Jr. and John W. Elkins, as devisees of the Estate of Charles W. Elkins, Sr., their father, are the owners of real property located at 4720 Chippendale Way in Winston-Salem, North Carolina. The property was subject to a deed of trust dated 19 September 2001, given by Charles W. Elkins, Sr., to secure repayment

**IN RE FORECLOSURE OF ELKINS**

[193 N.C. App. 226 (2008)]

of a note currently held by Household Realty Corporation ("Household"). At the direction of the noteholder, the substitute trustee initiated foreclosure proceedings and filed a notice of hearing on 19 April 2007 in Forsyth County Superior Court, alleging "a default in the obligation to make payments of principal and interest under the Note secured by the Deed of Trust." After a hearing on 26 June 2007, the Clerk of Superior Court entered an order finding (1) Household was holder of the note sought to be foreclosed, which evidenced a valid debt owed by Charles H. Elkins, Sr.; (2) the note was in default and the holder had the right to foreclose under a power of sale; and (3) all parties against whom the holder intended to assert liability for the debt were served with the notice of hearing. The clerk then ordered that the substitute trustee could proceed to foreclose under the terms of the deed of trust. On the same date, the substitute trustee filed a Notice of Foreclosure Sale.

Appellant John W. Elkins ("appellant"), in his capacity as a co-owner of the property and co-beneficiary of his father's estate, appealed from the clerk's order to the superior court for a hearing *de novo*, pursuant to N.C.G.S. § 45-21.16. When the matter was called for hearing in superior court, appellant moved that the issues be tried by a jury. The superior court entered an oral order denying appellant's motion, and appellant gave notice of appeal.

---

[1] Although appellant's appeal is from an interlocutory order, our Supreme Court has held that an order denying a motion for jury trial is immediately appealable because it affects a substantial right. *In re McCarroll*, 313 N.C. 315, 316, 327 S.E.2d 880, 881 (1985).

[2] By his sole assignment of error, appellant contends the trial court violated his rights under Article IV, Section 13 of the North Carolina Constitution and his due process rights under Article I, Section 19 of the North Carolina Constitution by denying the motion for a jury trial on the issues before the court in the foreclosure proceeding. His argument proceeds in three parts: (1) that he has a right to a jury trial guaranteed by Article IV, Section 13 of the North Carolina Constitution; (2) that a right to a jury trial in foreclosure under power of sale proceedings was created by N.C.G.S. § 45-21.16; and (3) that the failure to grant a jury trial "violates basic fairness and due process requirements."

First, appellant argues that the North Carolina Constitution creates a right to jury trial, citing two provisions that pertain to jury

trials. Article I, Section 25 states: "Right of jury trial in civil cases. In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." N.C. Const. art. I, § 25. Appellant acknowledges that this provision by itself guarantees a right to jury trial only in types of cases where the right to jury trial existed when the Constitution of 1868 was adopted. *Kiser v. Kiser*, 325 N.C. 502, 507, 385 S.E.2d 487, 490 (1989). Additionally, this Court has held that in matters of foreclosure by power of sale "there was no right at the time our Constitution was adopted either by virtue of the common law or statute to a jury [trial]." *In re Foreclosure of Sutton Investments, Inc.*, 46 N.C. App. 654, 663, 266 S.E.2d 686, 691, *disc. review denied*, 301 N.C. 90 (1980). However, he argues that Article I, Section 25 does not exclusively govern the right to jury trial and that a right is created in Article IV, Section 13, which states:

Forms of action; rules of procedure.

(1) *Forms of Action.* There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action, and in which there shall be a right to have issues of fact tried before a jury.

N.C. Const. art. IV, § 13. He argues that our Supreme Court's interpretation of Article IV, Section 13 in *Faircloth v. Beard*, 320 N.C. 505, 508, 358 S.E.2d 512, 514 (1987), *abrogated by Kiser*, 325 N.C. 502, 385 S.E.2d 487, construed the language as creating a right to jury trial in all civil actions, where the Court held that "actions to protect private rights and to redress private wrongs . . . are civil actions under Article IV, Sec. 13 and this section of the Constitution guarantees that parties to such actions may have questions of fact tried by juries." *Id.* Appellant's contention ignores our Supreme Court's later decision in *Kiser*, which specifically declined "to construe *Faircloth* broadly as holding that article IV, section 13 creates a constitutional right to trial by jury in all civil cases arising from controversies affecting private rights and redressing private wrongs." *Kiser*, 325 N.C. at 509, 385 S.E.2d at 491. Although the Court did not disturb the result in *Faircloth* on other grounds, the Court's holding in *Kiser* rejected the analysis set forth in *Faircloth* and urged by appellant here. *Id.* at 510-11, 385 S.E.2d at 491-92. In abrogation of *Faircloth*, the Court held:

[A]rticle I, section 25 contains the sole substantive guarantee of the important right to trial by jury under the state constitution

while article IV, section 13 ensures that the right as defined in article I will be available in all civil cases, regardless of whether they sound in law or equity.

The right to trial by jury under article I has long been interpreted by this Court to be found only where the prerogative existed by statute or at common law at the time the Constitution of 1868 was adopted. Conversely, where the prerogative did not exist by statute or at common law upon the adoption of the Constitution of 1868, the right to trial by jury is not constitutionally protected today. Where the cause of action fails to meet these criteria and hence a right to trial by jury is not constitutionally protected, it can still be created by statute. N.C.G.S. § 1A-1, Rule 38(a) (1983) ("The right of trial by jury as declared by the Constitution or statutes of North Carolina shall be preserved to the parties inviolate.").

*Id.* at 507-08, 385 S.E.2d at 489-90 (citations omitted). Accordingly, we hold, as in *Kiser*, that Article IV, Section 13 does not guarantee appellant a jury trial in this foreclosure proceeding.

**[3]** As noted in *Kiser*, pursuant to Rule 38(a), a right to trial by jury may arise where it is created by statute. *Id.* at 508, 385 S.E.2d at 490; *see also* N.C. Gen. Stat. § 1A-1, Rule 38(a) (2008). Hence, in the next prong of appellant's argument, he contends that the controlling statute, N.C.G.S. § 45-21.16, creates a right to trial by jury. The statute provides:

The act of the clerk in . . . finding or refusing to [make findings in accordance with subsection (d)] is a judicial act and may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act. Appeals from said act of the clerk shall be heard de novo.

N.C. Gen. Stat. § 45-21.16(d1) (2005) (amended in other subsections by 2007 N.C. Sess. Laws ch. 351, § 4). Notably, the precise issue of whether this statute creates a right to jury trial was before this Court in *Sutton*, 46 N.C. App. at 662-63, 266 S.E.2d at 691. The respondent in *Sutton* also argued that the trial court should have granted his request for a jury trial upon a hearing de novo from a foreclosure proceeding. *Id.* at 662, 266 S.E.2d at 691. This Court looked at the enactment of N.C.G.S. § 45-21.16 and noted that:

[It] was intended by the legislature to meet minimum due process requirements, not to engraft upon the procedure for foreclosure

under a power of sale all of the requirements of a formal civil action. . . . Thus, upon appeal from an order of the clerk authorizing the trustee to proceed with sale, the judge is limited upon the hearing de novo to determining the same four issues resolved by the clerk [as identified in N.C.G.S. § 45-21.16(d)].

*Id.* at 663, 266 S.E.2d at 691. This Court further relied on language in N.C.G.S. § 45-21.16(d1) (then § 45-21.16(d)) and § 45-21.16(e) specifically stating that the "judge" had jurisdiction and authority to hear the appeal. *Id.* Based on this analysis, this Court concluded that the statute did not guarantee respondent a right "to a jury determination of the type of issues to be resolved by a hearing pursuant to [N.C.G.S. §] 45-21.16." *Id.* As this issue has been decided by a previous panel of this Court, we are bound to follow it. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Accordingly, we conclude that N.C.G.S. § 45-21.16 does not guarantee appellant a right to jury trial in this proceeding.

[4] Lastly, appellant asserts that the denial of his motion for a jury trial violated "basic fairness and due process requirements under Article I, Section 19 of the North Carolina Constitution and the Fifth and Fourteenth Amendments to the United States Constitution." Appellant did not address this issue in his motion in the trial court nor did he object to the denial of the motion on this ground. Thus, this issue has not been preserved for review. N.C.R. App. P. 10(b)(1) (2008) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.").

The order denying appellant's motion for a jury trial is affirmed.

Affirmed.

Judges WYNN and HUNTER concur.