BRYANT, Judge.
*259 Where North Carolina Session Law 2009-401 specifically provides that a petitioner may request a trial by jury and then provides that the matter shall proceed "as any other civil action," the specificity of the session law controls and the trial court erred in denying petitioner's motion to strike respondent's demand for a jury trial.
This matter was first brought before the Civil Service Board of the City of Asheville ("the Civil Service Board") as a quasi-judicial matter on 9 September 2014. The Civil Service Board was tasked with a review of the process by which Senior Police Officer Robert H. Frost had been terminated from employment on 12 March 2014. Officer Frost's termination resulted from an accusation of excessive force.
In an order entered 25 September 2014, the Civil Service Board made findings of fact which indicated that on 2 February 2014, Officer Frost was in uniform, driving a marked police vehicle, working as a patrol officer for the Asheville Police Department when he was "flagged down" by a store clerk for the "Hot Spot" located at 70 Asheland Avenue. The clerk directed Officer Frost's attention to a woman, Amber Banks, who *120 had previously been banned from the store. As Banks was leaving the area, Officer Frost yelled for her to stop and ran to catch up with her as she kept walking away. Officer Frost arrested Banks for trespassing.
As he escorted Banks back toward his vehicle, a struggle ensued. Officer Frost took Banks to the ground with a leg sweep, called for backup, and placed Banks in handcuffs. As they again proceeded toward the police vehicle, it appeared to Officer Frost that Banks was getting ready to kick him. In order to defend himself, he began running with *260 Banks and then pushed her onto the hood of his police vehicle. On the car hood, Banks rolled over and Officer Frost believed she was attempting to bite him. So, he took her to the pavement, admitting that he lost his grip and that Banks landed harder than he had intended. Banks laid still and quiet on the ground until another officer arrived. Emergency Medical Services also arrived, checked Banks at the scene, and cleared her to go to the detention facility.
The same day of the incident, Officer Frost completed an "Asheville PD Use of Force Report." The report was reviewed by Officer Frost's chain of command, and ultimately, the incident was investigated by the State Bureau of Investigation and Office of Professional Standards. On 14 February 2014, Officer Frost was placed on paid non-disciplinary investigative suspension. Following a 28 February 2014 panel hearing convened upon a supervisor's recommendation of disciplinary action, a recommendation was made that Officer Frost be terminated from employment. On 12 March 2014, Officer Frost was terminated from employment with the City of Asheville Police Department. Officer Frost timely appealed the termination to the Civil Service Board. The Civil Service Board found that termination of Officer Frost was improper and in violation of city policies as Officer Frost was not provided adequate due process protection. Therefore, the Civil Service Board concluded that the City's termination of Officer Frost was not justified, that the termination should be rescinded, and that Officer Frost should be reinstated with back pay and all benefits.
On 3 October 2014, the City of Asheville filed a civil summons and a petition for trial de novo in Buncombe County Superior Court. Shortly thereafter, on the same day, Officer Frost likewise filed with Buncombe County Superior Court a petition for a trial de novo.
In his petition for a trial de novo, Officer Frost requested a trial by jury pursuant to Section 8(g) of the Asheville Civil Service Law. In its petition, the City of Asheville did not request a trial by jury. However, on 12 November 2014, in response to Officer Frost's petition for trial de novo, the City filed an answer, a motion to dismiss, and a motion to strike. The City challenged Officer Frost's standing to appeal, given that the order he attempted to appeal ruled in his favor-that his termination was not justified and he was to be reinstated with full back pay. The City further challenged that due to the City's appeal-filed before Officer Frost's appeal-involving the same parties and relating to the same subject matter, Officer Frost's petition was unlawful and "wholly unnecessary."
*261 Following a hearing in Buncombe County Superior Court, the Honorable Mark E. Powell entered a 25 February 2015 order granting the City's motion to dismiss with prejudice Officer Frost's petition for a de novo trial by jury, as Officer Frost lacked standing and his petition was abated by the doctrine of prior pending action.
On 30 November 2015, a hearing was held on Officer Frost's demand for a jury trial in response to the City of Asheville's petition for a trial de novo, the Honorable William H. Coward, Judge presiding. On 22 December 2015, Judge Coward entered an order noting that the City of Asheville filed a 9 November 2015 motion to strike Officer Frost's demand for a jury trial "on the grounds that the [Asheville Civil Service Law, 1953 N.C. Session Laws Chapter 747, as amended by 2009 N.C. Session Law Chapter 401 ("the Act") ] only allows the 'petitioner' to request a jury trial." The court acknowledged the language of the Act, stating "either party may appeal to the Superior Court Division ... for a trial de novo.... If the petitioner desires a trial by jury, the petitioner shall so state....
*121 [And] [t]here[after], the matter shall proceed to trial as any other civil action." The court reasoned that because the Act directs "the matter shall proceed ... as any other civil action," Rule 38 of our Rules of Civil Procedure ("Jury trial of right"), allows Officer Frost, as the respondent, to request a trial by jury. Thus, the trial court denied petitioner City of Asheville's motion to strike respondent Officer Frost's demand for a jury trial. Petitioner City of Asheville appeals.
_________________________
Interlocutory Appeal
Judgments and orders of the Superior Court are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders.... An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
Veazey v. Durham , 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). "An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding[.]" N.C. Gen. Stat. § 1-277(a) (2015). "[A]ppeal lies of right directly to the Court of Appeals ... (3) [f]rom any interlocutory order or judgment of a superior court or district court in a civil action or proceeding that ...: a. Affects a substantial right." Id. § 7A-27(b)(3)a.
*262 Our Supreme Court has held that a trial court order denying "the defendant's motion that the plaintiffs' demand for a jury trial be invalidated as an interlocutory order which does not affect a substantial right" is properly overruled, as "an order denying a jury trial is appealable, an order requiring a jury trial should be appealable." Faircloth v. Beard , 320 N.C. 505, 506-07, 358 S.E.2d 512, 513-14 (1987)[1] (citing In re McCarroll , 313 N.C. 315, 327 S.E.2d 880 (1985) ; In re Ferguson , 50 N.C.App. 681, 274 S.E.2d 879 (1981) ). See generally In re Foreclosure of Elkins , 193 N.C.App. 226, 227, 667 S.E.2d 259, 260 (2008) ("[A]n order denying a motion for a jury trial ... affects a substantial right."). Therefore, we address this appeal.
Analysis
On appeal, petitioner City of Asheville argues that the trial court erred by denying its motion to strike respondent Officer Frost's demand for a jury trial. The City of Asheville contends that N.C. Session Law 2009-401, governing appeals from the Asheville Civil Service Board, allows only the petitioner to request a jury trial. We agree.
"[W]here an appeal presents a question of statutory interpretation, this Court conducts a de novo review of the trial court's conclusions of law." Ennis v. Henderson , 176 N.C.App. 762, 764, 627 S.E.2d 324, 325 (2006) (citation omitted).
Pursuant to the North Carolina Constitution, "[t]he General Assembly shall provide for the organization and government ... and, except as otherwise prohibited by this Constitution, may give such powers and duties to counties, cities and towns, and other governmental subdivisions as it may deem advisable." N.C. Const. art. VII, § 1.
The General Assembly delegates express power to municipalities by adopting an enabling statute....
... If the language of [the enabling] statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning. A statute clear on its face must be enforced as written.
Quality Built Homes Inc. v. Town of Carthage , 369 N.C. 15, 19, 789 S.E.2d 454, 457 (2016) (alteration in original) (citations omitted).
*263 "We preface our analysis by noting that statutory interpretation begins with the plain meaning of the words of the statute. Where *122 the plain meaning of the statute is clear, no further analysis is required. Where the plain meaning is unclear, legislative intent controls." Sharpe v. Worland , 137 N.C.App. 82, 85, 527 S.E.2d 75, 77 (2000) (citations omitted).
"First, it is a well established principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, [over] other sections which are general in their application." Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment , 354 N.C. 298, 304, 554 S.E.2d 634, 638 (2001) (citations omitted). "In such situation the specially treated situation is regarded as an exception to the general provision." Utilities Comm'n v. Elec. Membership Corp. , 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (citation omitted).
The rule of statutory construction ejusdem generis provides that:
where general words follow a designation of particular subjects or things, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as those specifically enumerated.
Knight v. Town of Knightdale , 164 N.C.App. 766, 769, 596 S.E.2d 881, 884 (2004) (quoting State v. Lee , 277 N.C. 242, 244, 176 S.E.2d 772, 774 (1970) ).
North Carolina Session Law 1953-757 established a Civil Service Board as part of the government of the City of Asheville. 1953 N.C. Sess. Law 757 § 1. As amended in 2009 by Session Law 2009-401, entitled "An act to revise the laws relating to the Asheville Civil Service Board," our General Assembly provided the following:
Within ten days of the receipt of notice of the decision of the Board, either party may appeal to the Superior Court Division of the General Court of Justice for Buncombe County for a trial de novo . The appeal shall be effected by filing with the Clerk of the Superior Court of Buncombe County a petition for trial in superior court, setting out the fact upon which the petitioner relies for relief. If the petitioner desires a trial by jury, the petition shall so state .... Therefore, the matter shall proceed to trial as any other civil action.
*264 2009 N.C. Sess. Laws 401 § 7(g) (emphasis added). While "either party may appeal ... for a trial de novo," the session law names the petitioner as the party to designate whether a trial by jury is desired. Id. However, the superior court in its 22 December 2015 order and respondent Officer Frost in his argument before this Court contend that the last sentence of the session law, "[t]here[after], the matter shall proceed to trial as any other civil action," gives rise to a respondent's right to request a trial by jury.[2]
Respondent argues that "proceed[ing] to trial as any other civil action" invokes our Rules of Civil Procedure, specifically Rule 38, "Jury trial by right." Per Rule 38, "[a]ny party may demand a trial by jury of any issue triable of right by a jury...." N.C. Gen. Stat. § 1A-1, Rule 38(b) (2015). And thus, respondent Officer Frost, as a party to a civil action filed in Buncombe County Superior Court may demand a trial by jury on the issues appealed from the Civil Service Board. For the following reasons, we disagree with respondent's argument.
"The primary objective of statutory interpretation is to ascertain and effectuate the intent of the legislature." Lunsford v. Mills , 367 N.C. 618, 623, 766 S.E.2d 297, 301 (2014) (citation omitted). Where one rule is more specific in describing the rights afforded a party in action than another rule, we are guided by the construction "that a section of a statute dealing with a specific situation controls, with respect to that situation, [over] other sections which are general in their application." Westminster Homes, Inc. , 354 N.C. at 304, 554 S.E.2d at 638 (citation omitted). Moreover, "it is a fundamental principle of statutory interpretation that courts should evaluate [a] statute as a whole and ... not construe an individual section in a manner that renders another provision of the same *123 statute meaningless." Lunsford , 367 N.C. at 628, 766 S.E.2d at 304 (alteration in original) (citation omitted).
Session Law 2009-401 specifically provides for appeals to Buncombe County Superior Court from orders entered by the Asheville Civil Service Board and states that either party may appeal the decision of the Civil Service Board. But the session law designates only the petitioner as a party who may request a jury trial. This designation, that a petitioner may request a jury trial in appeals from decisions of the Civil Service Board to the Buncombe County Superior Court, is more specific than the right more generally conferred in Civil Procedure Rule 38, allowing *265 any party to a civil action to demand a jury trial. Thus, pursuant to the construction favoring the rule tailored to a specific circumstance as controlling over a more generally applicable rule, the language of Session Law 2009-401 naming only the petitioner as the party who may request a jury trial is controlling over the more generally applicable right of any party to demand a jury trial, as provided in Civil Procedure Rule 38. See Westminster Homes, Inc. , 354 N.C. at 304, 554 S.E.2d at 638. Moreover, to read Session Law 2009-401's language that "the matter shall proceed to trial as any other civil action" as an incorporation of the Rules of Civil Procedure, including the right of any party to demand a jury trial, would render the language designating only the petitioner as the party who may request a jury trial meaningless. This, too, violates our rules of statutory interpretation. See Lunsford , 367 N.C. at 628, 766 S.E.2d at 304. Therefore, based on our well-established rules of statutory construction, only petitioner City of Asheville had the right to request a jury trial. Accordingly, we hold the trial court erred in failing to dismiss respondent Officer Frost's request for a jury trial, and the trial court's 22 December 2015 order is
REVERSED.
Judge DIETZ concurs in a separate opinion.
Judge HUNTER, Jr., dissents in a separate opinion.

Fairthcloth was distinguished on other grounds by Kiser v. Kiser , 325 N.C. 502, 385 S.E.2d 487 (1989), but as the Court noted, the Kiser decision "does not disturb the result in Faircloth ." Kiser , 325 N.C. at 510, 385 S.E.2d at 491.

We note that Officer Frost did not appeal from the 25 February 2015 order of Judge Powell granting the City's motion to dismiss with prejudice Officer Frost's petition for a trial by jury.