DIETZ, Judge, concurring.
The dissent's reasoning demonstrates that this is a difficult case with issues about which reasonable jurists can disagree. I write separately to highlight what are, in my view, three key reasons why the dissent is unpersuasive.
First , the fact that Rule 38 of the Rules of Civil Procedure applies to the trial court's review below (and I agree that it does), says nothing of whether Frost, as the respondent, has a right to a jury trial. Rule 38 does not create a substantive right to a jury trial-it merely creates the procedure to request a jury trial where there is a right to one. N.C. Gen. Stat. § 1A-1, Rule 38(a), (b). Were it otherwise, there would be a right to a jury trial in every civil action; there is not. See Kiser v. Kiser , 325 N.C. 502, 508, 385 S.E.2d 487, 490 (1989).
Instead, the right to a jury trial in a civil action is conferred in one of two ways: by statute or by our State constitution. A statutory right *266 to a jury trial exists if the right is conferred "in the express language of the statute itself." Id. at 509, 385 S.E.2d at 490. A constitutional right to a jury trial exists if the right "existed by statute or at common law at the time the Constitution of 1868 was adopted." Id . at 507, 385 S.E.2d at 490.
Neither means of conveying a right to jury trial is present here. As explained in the majority opinion, the express language of the statute only confers a right to jury trial on the petitioner, not the respondent. And this Civil Service Act claim, like the claim for equitable distribution in Kiser , "did not exist prior to 1868, but was newly created by the General Assembly"-in this case, by the Civil Service Act of 1953. Id . at 508, 385 S.E.2d at 490. Thus, the respondent in these Civil Service Act proceedings does not have a right to demand a jury trial.
Second , I do not agree that the majority opinion reads the term "only" into the statute where it does not exist. The statute says "either party may appeal," "[t]he appeal shall be effected by filing ... a petition for trial in superior court," and "[i]f the petitioner desires a trial by jury, the petition shall so state." 2009 N.C. Sess. Laws ch. 401, § 7.
*124 Thus, the reason that only the petitioner may request a jury trial is not because this Court inserted the word "only" into the text, but because the statute's plain language only gives that right to the petitioner, not the respondent.
Third , while I acknowledge that we must interpret statutes in a manner that avoids absurd results, the majority's interpretation does not lead to absurd results. The absurdity canon applies "[w]here the plain language of the statute would lead to patently absurd consequences" that the legislature "could not possibly have intended." Pub. Citizen v. U.S. Dep't of Justice , 491 U.S. 440, 470, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (Kennedy, J., concurring). Permitting only the losing side to request a jury trial in an administrative proceeding is unusual, but it is something the General Assembly certainly could have intended. Thus, I do not believe we can invoke the absurdity canon to ignore the statute's plain language in this case.