MURPHY, Judge, concurring.
*464 While I concur in the Majority's opinion based on the current status of our caselaw, I write separately to emphasize the importance of the right to a jury trial in civil proceedings under the North Carolina Constitution. "[A] frequent Recurrence to fundamental Principles is absolutely necessary to preserve the Blessings of Liberty." N.C. Const. of 1776, Declaration of Rights, § 21. A recurrence of our fundamental principles is needed here.
Each iteration of our Constitution has explicitly guaranteed the right to a jury trial for civil cases respecting property:
"That in all controversies at Law respecting Property, the ancient Mode of Trial by Jury is one of the best Securities of the Rights of the People, and ought to remain sacred and inviolable." N.C. Const. of 1776, Declaration of Rights, § 14.
"In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." N.C. Const. of 1868, art. I, § 19.
"In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." N.C. Const. of 1971, art. I, § 25.
The 1868 Constitution merged actions at law and in equity, such that this right to a jury trial now applies to all civil claims, provided that the case respects property. N.C. Const. of 1868, art. IV, § 1. See also Kiser v. Kiser , 325 N.C. 502, 506-07, 385 S.E.2d 487, 489 (1989) ("[T]his section created no additional substantive rights to trial by jury in all civil cases, but rather assured that the jury trial rights substantively guaranteed by article I, section 19 (now article I, section 25 ) would apply equally to questions of fact arising in cases brought in equity as well as cases brought at law.").
Since the adoption of our first Constitution in 1776, our courts have repeatedly pronounced the importance of the right to a jury trial.
*465 "[W]e have a principle of our organic law, by which it is declared that the trial by jury is an institution which has been, and must be, cherished by every free people, as the best security for their lives and property, and ought to remain 'sacred and inviolable.' " State v. Allen , 48 N.C. 257, 262 (1855). Our Constitution thus guarantees this right to all those in North Carolina, albeit only under certain circumstances. "The right to trial by jury under article I has long been interpreted by this Court to be found only where the prerogative existed by statute or at common law at the time the Constitution of 1868 was adopted." Kiser , 325 N.C. at 507, 385 S.E.2d at 490. We have enforced this condition because the changes made by the 1971 Constitution did not alter the substantive rights guaranteed in the 1868 Constitution. There was a "clear intent on the part of the framers of the new document merely to update, modernize and revise editorially the 1868 Constitution." N.C. State Bar v. DuMont , 304 N.C. 627, 636, 286 S.E.2d 89, 95 (1982). This lack of substantive change to the jury trial provision does not show that "the framers of the 1970 Constitution intended that instrument to enlarge upon the rights granted by the 1868 Constitution .... [S]uch an intent shows that the 1970 framers intended to preserve intact all rights under the 1868 Constitution." Id. The provision's deep roots in our state's history and the unwavering intent of the People to protect this right demonstrate that " section 25 of our Declaration of Rights is one of the 'great ordinances *189 of the Constitution.' " Kiser , 325 N.C. at 509, 385 S.E.2d at 491 (quoting Springer v. Philippine Islands , 277 U.S. 189, 209, 48 S.Ct. 480, 485, 72 L.Ed. 845 (1928) (Holmes, J., dissenting)).
Therefore, while I recognize that our appellate courts and General Assembly have expressed a strong policy in favor of arbitration, the policy of the People of this state as expressed in our Constitution is for jury trials:
The right to a jury trial is a substantial right of great significance. "It is a general rule, since the right of trial by jury is highly favored, that waivers of the right are always strictly construed and are not to be lightly inferred or extended by implication, whether with respect to a civil or criminal case .... Thus, in the absence of an express agreement or consent, a waiver of the right to a jury trial will not be presumed or inferred. Indeed, every reasonable presumption should be made against its waiver."
Mathias v. Brumsey , 27 N.C. App. 558, 560, 219 S.E.2d 646, 647 (1975) (quoting In re Gilliland , 248 N.C. 517, 522, 103 S.E.2d 807, 811 (1958) ). The People have valued the sacred right to a jury trial since the adoption *466 of our first state Constitution in 1776 and prioritized it over variations in civil proceedings:
Our [C]onstitution declares that in all controversies at law respecting property the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable .... [A]ny innovation amounting in the least degree to a departure from the ancient mode may cause a departure in other instances, and in the end endanger or pervert this excellent institution from its usual course.
Whitehurt v. Davis , 3 N.C. 113, 113 (1800). Indeed, the constitutional right to a trial by jury was the basis of one of the first challenges to the validity of a North Carolina statute. See Bayard v. Singleton , 1 N.C. 5, 5 (1787) (invalidating a statute that required cases be dismissed when a defendant could prove that he bought the property at issue from a commissioner of forfeited estates).
In light of the historical significance of this right to a jury trial, I stress that, although "North Carolina has a strong public policy favoring the settlement of disputes by arbitration[,]" we cannot abandon our constitutional rights in favor of procedural efficiency and convenience. Johnston County v. R. N. Rouse & Co. , 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992).
As the Majority observes, "there are several reasonable interpretations of the provision [at issue]," and a consideration of the People's policy as expressed in our Constitution should dictate that the provision be interpreted in favor of a jury trial. Therefore, I call upon our Supreme Court to make a recurrence to our fundamental principles and reconsider whether the People of this state have a policy of interpreting ambiguities in favor of the right to a jury trial over arbitration.